UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-4570-JVS (KK) | Date: | June 7, 2021 |
|---|---|---|---|

| Title: | *Brandon Leon Bibbs v. Alex Villanueva* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

Proceedings:      **Order to Show Cause Why This Action Should Not Be Dismissed (1) for Failure to State a Cognizable Habeas Claim or (2) Because Abstention Is Required**

## I.
## <u>INTRODUCTION</u>

      On May 16, 2021, Petitioner Brandon Leon Bibbs ("Bibbs"), who appears to be a detainee at Men's Central Jail in Los Angeles, California, constructively filed[1] a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF Docket No. ("Dkt.") 1. Bibbs sets forth one ground for habeas relief: "The [P]etitioner has been deprived of his due process and equal protection of law to have assistance of counsel to his defense" in violation of his Sixth and Fourteenth Amendment rights. <u>Id.</u> at 2. As discussed below, the Court orders Bibbs to show cause why the Petition should not be dismissed (1) for failure to state a cognizable habeas claim or (2) because abstention is required under <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971) ("<u>Younger</u>").

///
///
///
///

---

[1]       Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

**II.**

**DISCUSSION**

**A.** **THE PETITION IS SUBJECT TO DISMISSAL FOR FAILURE TO STATE A COGNIZABLE CLAIM**

**1.** **Applicable Law**

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citations omitted).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Id. at 978-79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 978-80. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal quotation marks and citations omitted); see also Heck v. Humphrey, 512 U.S. 477, 481-83 (1994).

**2.** **Analysis**

Here, the Petition does not appear to challenge any conviction. See dkt. 1. Rather, the Petition appears to challenge various aspects of the conditions of Bibbs' confinement, such as "his access to the law library, legal phone calls, and legal supplies." Id. at 2. The Petition, therefore, does not challenge the validity of Bibbs' confinement or particulars affecting its duration. See Muhammad, 540 U.S. at 750. The Petition, instead, seeks relief turning on circumstances of confinement that may be presented, if at all, in an action filed pursuant to Section 1983.[2] Id. Accordingly, the Petition is subject to dismissal for failure to state a cognizable habeas claim.

---

[2]     When a prisoner's claim is not cognizable in habeas corpus, the Court may construe the petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Here, however, the Petition is not amenable to conversion on its face to a civil rights complaint. Rather, converting Bibbs' claims to a civil rights action would impose burdensome constraints – such as a significantly higher filing fee, the means of collecting it, and restrictions on future filings – that could make conversion more disadvantageous to Bibbs than a dismissal of his habeas petition without prejudice to filing a civil rights complaint. See Nettles, 830 F.3d at 936. The Court, thus, declines to recharacterize Bibbs' Petition as a civil rights complaint.

**B.      THE PETITION IS SUBJECT TO DISMISSAL BECAUSE <u>YOUNGER</u> ABSTENTION IS REQUIRED**

**1.      Applicable Law**

When a state prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  "[T]he general grant of habeas authority in [28 U.S.C. § 2241] is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention[.]"  <u>Stow v. Murashige</u>, 389 F.3d 880, 886 (9th Cir. 2004) (citation omitted) (holding pretrial detainee's request for federal habeas relief under 28 U.S.C. § 2241(c)(3) is properly brought); <u>Rosenbalm v. Mendocino Superior Ct.</u>, No. C 06-7412 SI(PR), 2007 WL 878522, at *1 (N.D. Cal. Mar. 21, 2007) ("This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced.").

Principles of comity and federalism, however, require federal courts to abstain from interfering with pending state court proceedings.  See <u>Younger</u>, 401 U.S. at 43-45.  The Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.  <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018) (citing <u>ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions." <u>Younger</u>, 401 U.S. at 46, 53-54; <u>Brown v. Ahern</u>, 676 F.3d 899, 900-01 (9th Cir. 2012) (holding "abstention principles . . . prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention" (citing <u>Carden v. State of Mont.</u>, 626 F.2d 82, 83 (9th Cir. 1980))).  To demonstrate an exception to <u>Younger</u>, a petitioner must show: (1) he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim.  See <u>Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Kugler v. Helfant</u>, 421 U.S. 117, 124-25 (1975); <u>Brown</u>, 676 F.3d at 901 (citing <u>Carden</u>, 626 F.2d at 83).

**2.      Analysis**

As an initial matter, Bibbs is a pretrial detainee.  See dkt. 1 at 1 (stating Bibbs must "prepare for trial" that is "set for June 29" in Los Angeles County Superior Court in case no. VA134204).  Accordingly, to the extent Bibbs raises a cognizable habeas claim, the Petition is governed by 28 U.S.C. § 2241(c)(3).  See <u>Stow</u>, 389 F.3d at 886.

While it is not clear whether Bibbs also claims his right to represent himself or his right to counsel is being violated, the Court finds the Petition is subject to dismissal because <u>Younger</u> abstention is required.  Dkt. 1 at 2 (stating Bibbs "has been deprived of his . . . [right] to have

assistance of counsel to his defense", but also stating Bibbs' "pro per status was terminated" pursuant to a Los Angeles County Superior Court order on February 4, 2021 and that as a result, Bibbs cannot access the "law library, legal phone calls, and legal supplies"). First, Bibbs has an ongoing state judicial proceeding as he awaits trial in his criminal case in Los Angeles County Superior Court in case no. VA134204. Id. at 1. Second, the resolution of state criminal proceedings clearly implicates important state interests. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." (citing Younger, 401 U.S. at 46)); Middlesex, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). Third, Bibbs has "an adequate opportunity in the state proceedings to raise constitutional challenges," either at the trial or appellate level, and there appears to be nothing preventing Bibbs from doing so.[3] See Arevalo, 882 F.3d at 765. Fourth, habeas relief from this Court in the form of release would have the "practical effect" of enjoining the state court proceedings. See Bowell v. Paramo, No. CV-17-9313-TJH (MAA), 2018 WL 4735721, at *4 (C.D. Cal. Aug. 6, 2018), report and recommendation adopted, No. CV-17-9313-TJH-MAA, 2018 WL 4698250 (C.D. Cal. Sept. 28, 2018), certificate of appealability denied, No. 18-56319, 2018 WL 6978341 (9th Cir. Dec. 20, 2018) (finding if the court were to grant emergency release, "it necessarily would entail interference because the ongoing state proceeding effectively would be terminated" (citing San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1095-96 (9th Cir. 2008))).

Moreover, Bibbs fails to identify any "extraordinary circumstances" warranting the Court's interference as an exception under Younger. Bibbs does not allege he has been the subject of harassment or that that his continued prosecution is in bad faith and without hope of obtaining a valid conviction. See Brown, 676 F.3d at 901. Furthermore, although Bibbs states he "will be prejudiced before a jury" and suffer "irreparable harm," these allegations do not rise to the level of irreparable harm required to warrant this Court's intervention. See Younger, 401 U.S. at 46, 53-53 (finding cost, anxiety, and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention); Wabnitz v. South, No. 8:20-cv-00188-MWF (SHK), 2020 WL 3620801, at *3 (C.D. Cal. Feb. 11, 2020), report and recommendation adopted sub nom. Wabnitz v. Unknown, 2020 WL 3619010 (C.D. Cal. July 1, 2020) (finding petitioner's allegations, which appear to center around his frustration regarding his inability to represent himself in state court proceedings, fail to identify "extraordinary circumstances" warranting the court's interference).

Hence, under the circumstances of the instant case, abstention under Younger appears to be required.

### III.
### ORDER

For the above reasons, the Petition appears subject to dismissal. Bibbs is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition (1) for failure to state a cognizable habeas claim or (2) because abstention is required under Younger. Bibbs'

---

[3]     Bibbs also states he submitted a grievance regarding his claim on the same day he filed the Petition and has yet to receive a disposition. Dkt. 1 at 2.

response to this Order must be received **no later than June 28, 2021**. Bibbs must respond to this Order by choosing one of the following options:

1.  Option One: Bibbs may file a written response (1) explaining why Bibbs' claims are cognizable on habeas review with any supporting documents or (2) informing the Court of any reason demonstrating Bibbs is entitled to raise his right to self-representation or counsel on federal habeas corpus at this time or extraordinary circumstances warranting this Court's immediate intervention in Bibbs' state criminal proceedings.

2.  Option Two: Bibbs may file a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Bibbs must start over when preparing the First Amended Petition. If Bibbs chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

3.  Option Three: Bibbs may voluntarily dismiss this action without prejudice. Bibbs may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court has attached a Notice of Dismissal form. However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court expressly warns Bibbs that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a cognizable claim and/or failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order and the Petition, dkt. 1, on Bibbs at his current address of record and provide Bibbs with a blank form Petition for his use in filing a First Amended Petition.

**IT IS SO ORDERED.**

Related DDJ

FILED
CLERK, U.S. DISTRICT COURT

JUN - 1 2021

CENTRAL DISTRICT OF CALIFORNIA
BY R.O.        DEPUTY

Fee Due

BRANDON BIBBS; #4642823
In Pro Se
TERMINAL ANNEX
P.O. Box 86164
Los Angeles, CA 90086

# THE UNITED STATES DISTRICT COURT
# OF THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEON BIBBS | No. 2:21-cv-04570-JVS-KK |
| Petitioner, | PETITION FOR WRIT OF |
| Vs, | HABEAS CORPUS BY A PERSON |
| ALEX VILLANUEVA | IN STATE CUSTODY |
| Respondent. | (28 U.S.C. § 2254) "EMERGENCY" |

## JURISDICTION

On April 6, 2021, the petitioner filed a motion, "EMERGENCY" Motion for Prohibition of Arbitrary Jail Conditions, but has substantially been delayed by the honorable judge Lillian Vega Jacobs of the Norwalk Court House, by determining it was supposed be sent to another department and courthouse, as if it were a petition under the local rule 8.33, but in all actuality it is a motion under local rule 8.42(c)(3), of proceedings taken place in the Los Angeles Superior Court. Loo. VA1342041.

This is a detrimental predicament for the petitioner, and is causing extreme prejudice before the defendant to have to prepare for trial (set for June 21 case no. VA1342041) by (1) is limited on legal supplies, (2) has no access to legal calls for the service of his investigator and experts, (3) has no access to research and study

the law to prepare his defense, and (4) will be prejudiced before a jury by the delay in these issues sought to be resolved to access these necessary resources, causing irreparable harm and injury upon the petitioner if not given immediate relief.

# GROUNDS

1) The petitioner has been deprived of his due process and equal protection of law to have assistance of counsel to his defense. (U.S.C., 6th & 14th Amendments).

On March 24, 2021, the petitioner was deprived his access to the law library, legal phone calls, and legal supplies due to an in custody staff sergeant (Boregard) claiming that an order by the superior court of Los Angeles on February 4, 2021, stated that the petitioner in custody pro. per. status was terminated referring to a minute order. The petitioner indicated that the minutes of that date only presents that the court upheld the custody department in terminating the petitioner's in custody pro per privileges (access to law library; legal calls; etc.), but is not an order, and there must be an order by the court to hinder these privileges. [refer to minute order; case no. VA134204: February 4, 2021]. I am still deprived of access to the law library, legal calls, and supplies continuosly.

The petitioner has submitted a grievance of this issue that same day, but still has not received a disposition.

## VERIFICATION

I, BRANDON BIBBS, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 16, 2021

By: BRANDON BIBBS

BRANDON BIBBS: #4612823
In Pro Se / Inmate
TERMINAL ANNEX
P.O. Box 86164
Los Angeles, CA 90086

LEGAL MAIL

LOS ANGELES CA 900
28 MAY 2021 PM 8 L

RECEIVED
CLERK, U.S. DISTRICT COURT

JUN - 1 2021

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Clerks Office
Central District of California
THE UNITED STATES DISTRICT COURT
255 East Temple Street, Room 180
Los Angeles, CA 90012

LEGAL MAIL

U S A ★ FOREVER

NAME

PRISON IDENTIFICATION/BOOKING NO.

ADDRESS OR PLACE OF CONFINEMENT

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

CV _____
To be supplied by the Clerk of the United States District Court

FULL NAME (*Include name under which you were convicted* )

Petitioner,

v.

NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

☐ _____ **AMENDED**

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number* )
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
255 East Temple Street, Suite TS-134
Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☐ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

   a. Place of detention _____

   b. Place of conviction and sentence _____

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked).*

   a. Nature of offenses involved *(include all counts)* : _____

   _____

   _____

   b. Penal or other code section or sections: _____

   _____

   _____

   c. Case number: _____

   d. Date of conviction: _____

   e. Date of sentence: _____

   f. Length of sentence on each count: _____

   _____

   g. Plea *(check one)* :

      ☐ Not guilty

      ☐ Guilty

      ☐ Nolo contendere

   h. Kind of trial *(check one)* :

      ☐ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?      ☐ Yes  ☐ No

   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:

   a. Case number: _____

   b. Grounds raised *(list each)* :

      (1) _____

      (2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c. Date of decision: _____

d. Result _____

_____

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☐ Yes ☐ No

   If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

   a. Case number: _____

   b. Grounds raised *(list each)*:

   (1) _____

   (2) _____

   (3) _____

   (4) _____

   (5) _____

   (6) _____

   c. Date of decision: _____

   d. Result _____

   _____

5. If you did not appeal:

   a. State your reasons _____

   _____

   _____

   _____

   b. Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

   ☐ Yes ☐ No

   If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

b. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

c. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

7.  Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☐ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

8.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than five grounds.  Summarize briefly the <u>facts</u> supporting each ground.  For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

    **CAUTION**:    *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

    a.  Ground one: _____

    _____

    (1) Supporting FACTS: _____

    _____

    _____

    _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes  ☐ No

    (3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes  ☐ No

    (4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes  ☐ No

    b.  Ground two: _____

    _____

    (1) Supporting FACTS: _____

    _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

c. Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

d. Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

e. Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes ☐ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held? ☐ Yes ☐ No

b. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?  ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?  ☐ Yes ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?  ☐ Yes ☐ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
              *Date*                                    *Signature of Petitioner*

_____

*Petitioner*

_____

*Respondent(s)*

**ELECTION REGARDING
CONSENT TO PROCEED BEFORE
A UNITED STATES MAGISTRATE JUDGE**

- A magistrate judge is available under 28 U.S.C. § 636(c) to conduct all proceedings in this case, including dispositive matters and entry of final judgment. However, a magistrate judge may be assigned to rule on dispositive matters only if all parties voluntarily consent.

- Parties are free to withhold consent to magistrate judge jurisdiction without adverse substantive consequences.

- If both parties consent to have a magistrate judge decide the case, any appeal would be made directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.

- Unless both parties consent to have a magistrate judge decide the case, the assigned magistrate judge will continue to decide only non-dispositive matters, and will issue a Report and Recommendation to the district judge as to all dispositive matters.

*Please check the "yes" or "no" box regarding your decision to consent to a United States Magistrate Judge and sign below.*

☐ Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

☐ No, I do not consent to have a United States Magistrate Judge conduct all further proceedings in this case.

Executed on _____        _____

*Date*                                        *Signature of Petitioner/Counsel for Petitioner*

_____

_____
                    *Petitioner*

_____
                   *Respondent(s)*

**DECLARATION IN SUPPORT**
**OF REQUEST**
**TO PROCEED**
*IN FORMA PAUPERIS*

I, _____ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes   ☐ No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    _____

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, within the past twelve months, any money from any of the following sources?
    a. Business, profession or form of self-employment?     ☐ Yes   ☐ No
    b. Rent payments, interest or dividends?     ☐ Yes   ☐ No
    c. Pensions, annuities or life insurance payments?     ☐ Yes   ☐ No
    d. Gifts or inheritances?     ☐ Yes   ☐ No
    e. Any other sources?     ☐ Yes   ☐ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

    _____

3. Do you own any cash, or do you have money in a checking or savings account?   *(Include any funds in prison accounts)*
    ☐ Yes   ☐ No

If the answer is yes, state the total value of the items owned: _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?  *(Excluding ordinary household furnishings and clothing)*  ☐ Yes  ☐ No

   If the answer is yes, describe the property and state its approximate value: _____

   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

   _____

   _____

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on _____        _____
                       *Date*                                            *Signature of Petitioner*

## CERTIFICATE

   I hereby certify that the Petitioner herein has the sum of $ _____ on account to his credit

at the _____ institution where he is

confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said

institution: _____

_____

_____

_____        _____
           *Date*                                              *Authorized Officer of Institution/Title of Officer*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
          *Date*                              *Signature of Attorney/Party*

*NOTE:*  ***F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***